UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD T. NEWTON,

                                **Plaintiff,**

     v.                                                  5:14-CV-904
                                                          (TJM/ATB)
**COMMISSIONER OF SOCIAL SECURITY,**

                                **Defendant.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

## DECISION & ORDER

### I.    INTRODUCTION

In this action, Plaintiff Richard T. Newton seeks judicial review of a decision by the Commissioner of Social Security to deny plaintiff's application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. The Court referred this matter to the Hon. Andrew T. Baxter, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).

In his July 1, 2015 Report-Recommendation, Magistrate Judge Baxter recommends that the decision of the Commissioner be affirmed and plaintiff's complaint be dismissed. Dkt. # 13 at 22. Plaintiff lodges objections to Magistrate Judge Baxter's recommendations, Dkt. # 14, and the Commissioner submits a response thereto. Dkt. # 16.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Plaintiff's objections merely recite the same arguments presented to the magistrate judge, but do not point to any error by Magistrate Judge Baxter. Plaintiff argues: "The Magistrate Judge, while well-reasoned in his Report and Recommendation, missed Mr. Newton's point that the Administrative Law Judge committed reversible error by failing to discuss Mr. Newton's diagnosed impairment of arthritis in the knees in the Step 2 analysis." Dkt. # 14, pp. 1-2. However, far from "missing" this point, Magistrate Judge Baxter specifically addressed the ALJ's Step 2 analysis and plaintiff's contention that "the ALJ

2

erred by not finding that arthritis in plaintiff's knees also constituted a severe impairment." Rep. Rec., p. 10 (citing Pl.'s Br. at 4). In rejecting plaintiff's contention, Magistrate Judge Baxter properly and correctly determined that the ALJ's conclusions regarding the severity of plaintiff's complaints of knee pain from his arthritis are supported by substantial evidence. Id. p. 11. The magistrate judge neither missed plaintiff's argument nor committed error in addressing it.

Plaintiff also argues that the "Magistrate Judge failed to recognize" that the ALJ "committed reversible error by failing to discuss Mr. Newton's medically determinable arthritis of the knees in the context of her RFC analysis and to include any limitations imposed by the impairment." Dkt. # 14, pp. 3-4. However, like with the previous argument, Magistrate Judge Baxter specifically addressed this issue. See Rep. Rec. p. 13 ("Plaintiff contends that the ALJ failed to address the limitations imposed by plaintiff's knee arthritis, and non-exertional limitations related to plaintiff's back and knee impairments, including pain, limited range of motion in the spine, and a reduced ability to squat [in reaching the RFC]. However, the ALJ's decision shows consideration of all of these issues as part of her consideration of the medical evidence and plaintiff's testimony."); see also id. pp. 13-16 (discussing the ALJ's RFC assessment and determining that it is supported by substantial evidence). The Court finds that Magistrate Judge Baxter neither failed to recognize plaintiff's argument nor committed error in addressing it.

Furthermore, on *de novo* review of those portions of the Report-Recommendation to which objection is made, the Court agrees with Magistrate Judge Baxter's conclusions. Therefore, the Court accepts and adopts Magistrate Judge Baxter's recommendations for the reasons stated in his thorough report.

3

## IV. CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Baxter's recommendations for the reasons stated in his Report-Recommendation [Dkt. # 13]. The decision by the Commissioner of Social Security to deny plaintiff's application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits disability insurance benefits under the Social Security Act is **AFFIRMED**, and plaintiff's Complaint is **DISMISSED**.

The Clerk of the Court may close the file in this matter.

**IT IS SO ORDERED.**

Dated: August 31, 2015

Thomas J. McAvoy
Senior, U.S. District Judge